CARLSON, Justice,
Dissenting.
¶ 21. Because I find that the judgment of the Chancery Court of the First Judicial District of Hinds County reversing the Mississippi Department of Health’s decision to grant a certificate of need to Regency Hospital Company, LLC, for the establishment of a 40-bed long-term acute care hospital was eminently correct, I must respectfully dissent.
¶ 22. The majority determines that Regency’s CON application was in substantial compliance with Miss.Code Ann. §§ 41-7-171 to -209 (Rev.2001 & Supp.2003) and its methodology for the establishment of a long-term acute care hospital (LTAC). I must disagree. The State Health Plan, requires that an application for an LTAC must contain at least 450 examples of appropriate admissions in diagnostically related groups (DRGs). These admissions must have an average length of stay (ALOS) of 25 days. Regency failed to provide evidence that it substantially complied with either requirement.
¶ 23. Regency contends that it would receive 241 probable admissions from Riley Hospital and 438 probable admissions from Jeff Anderson Regional Medical Center. Specialty Hospital testified that in over seven years of operating an LTAC, only 30% of patients with LTAC-compati-ble DRGs were admitted to the LTAC. The reliability of Specialty’s 30% LTAC admission rate is proven by Regency’s own exhibit regarding Riley’s Population-Based Long Term Acute Care Model which shows that nationally only 5% to 35% of patients with LTAC-appropriate diagnoses are actually admitted to an LTAC. Using this model, 35% of Regency’s probable admissions would not constitute the 450 admissions required under the plan. Even if the almost 700 LTAC-eom-patible DRGs[9] it listed had a 50% admission rate, Regency still could not show that it would have the 450 admissions required under the Plan. Aso, Regency failed to produce a list of the 97 DRGs upon which it relied to qualify the 679 probable admissions. Because it cannot be determined *212 from the record if the 97 DRGs considered by Regency to be LTAC-appropriate are indeed LTAC-appropriate, there is no alternative other than to hold that the evidence relied upon by Regency to establish the need of more LTAC beds in the Meridian area is unreliable.
¶ 24. Regency further asserts that each LTAC-appropriate patient on its list would have an ALOS of 29 days. Since there is no evidence in the record to support this conclusion, it is based on opinion, estimates and speculation. Unsupported statements do not constitute substantial evidence of compliance with minimum usage requirements as required for CON approval. Miss. State Dep’t of Health v. Natchez Cmty. Hosp., 743 So.2d 973, 978 (Miss.1999).
¶ 25. It must also be noted that no other city in Mississippi has more than one LTAC.[10] In fact, the only city in the United States which has two LTACs is Akron, Ohio.
¶ 26. Therefore, I would find that Regency did not support its assertions of need based on clinically appropriate DRGs or ALOS. There was no evidence in the record that Specialty’s occupancy percentage had ever been 100%, that Specialty ever had a waiting list for patients, or that Meridian-area LTAC-appropriate patients were going anywhere but Specialty for long-term care. Because the chancellor correctly reversed the MDH’s approval of Regency’s CON application, I would affirm the judgment of the Chancery Court of the First Judicial District of Hinds County. Therefore, I respectfully dissent.
GRAVES, J, JOINS THIS OPINION.

. At the hearing, Regency's representative testified that it had, since the filing of the CON application, acquired patient data from Jeff Anderson and that this data showed that Jeff Anderson had 833 patients with LTAC-appro-priate DRGs. However, even 35% of 1074 (Jeff Anderson's 833 plus Riley's 241), is 376, less than the 450 required under the Plan.

. At the MDH hearing, an MDH officer testified that, at that time, there were four LTACs ín the state: one each in Jackson, Meridian, Gulfport and Biloxi.